UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT BRAXTON,

        Plaintiff,

                                          CASE NO. 14-12063
v.                                       HONORABLE GEORGE CARAM STEEH

UAW INTERNATIONAL, BRIAN
JOHNSON, and DAVE KEGALS,

        Defendants.

_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. #39)

The court granted defendants' motion for summary judgment in this employment discrimination action, dismissing the case. (Doc. #37, #38). Now before the court is plaintiff's motion for reconsideration. (Doc. #39).

The Local Rules of the Eastern District of Michigan provide that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). The court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). To obtain reconsideration of a court order, "the movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A palpable defect "is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F.Supp.2d 714, 718 (E.D. Mich. 2001).

-1-

Plaintiff has not established a palpable defect with the court's order.  First, plaintiff contends that the court committed palpable error in finding that a labor union may never be held liable for creating a hostile work environment.  However, the court made no such finding.  The court instead found that, under the facts and circumstances of this particular case, the defendant labor union was not plaintiff's employer for Title VII purposes.  The court made clear that "[a] union may be held liable for a hostile work environment if the plaintiff could show (1) he was subjected to a hostile work environment by his employer . . . ; (2) he requested the union take action; and (3) the union ignored his request for action." (Doc. #37 at 20) (citation omitted).  As the court explained in its decision, plaintiff failed to establish a genuine issue of material fact that the defendant union is liable under a hostile work environment theory, under the specific facts of this case, or that the union was plaintiff's employer.

Second, the court held that, even if plaintiff had established that the union could face liability under a hostile work environment theory, the evidence did not rise to the level of a hostile work environment when applying Sixth Circuit precedent.  The court made this finding ignoring all evidentiary issues that the plaintiff faced and drawing all reasonable inferences from the evidence in plaintiff's favor.  Plaintiff argues that the court committed palpable error because the alleged harassment and discrimination was severe and pervasive.  The court sees no error in its decision.  Plaintiff simply reiterates the arguments he made in opposing summary judgment.  For the reasons explained in the court's decision, plaintiff failed to establish a genuine issue of material fact regarding the severity and pervasiveness of the alleged harassment and discrimination.  Thus, the court correctly determined that the defendant union is entitled to summary judgment.

For these reasons, plaintiff's motion for reconsideration is DENIED.

Dated:  January 20, 2016

                s/George Caram Steeh
                GEORGE CARAM STEEH
                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 20, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---